## JONES, EXR., Plaintiff-Appellee, v REMLEY, EXERX., Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 1930.   Decided April 15th, 1947.

W. Edmund Shea, Dayton, for plaintiff-appellee.
Baver and Doan, Miamisburg, for defendant-appellant.

**OPINION**

By MILLER, J.

This is an appeal on questions of law prosecuted by defendant-appellant from a judgment in the sum of $924.12 rendered against her as executrix of the estate of Caroline Steck, deceased, in the Common Pleas Court of Montgomery County, Ohio, in an action founded upon three causes of action, the

first of which was based upon a claim of subrogation by plaintiff-appellee's decedent for allegedly having paid a mortgage on real estate owned by defendant-appellant's decedent during her lifetime; the second and third of which were based upon money advanced by plaintiff-appellee's decedent to the defendant-appellant's decedent.

Helen Barbara Jones was a daughter of defendant-appellant's decedent, Caroline Steck, and she and her husband, W. K. Jones, resided with the said Caroline Steck, deceased, for some years prior to the death of the said Helen Barbara Jones.

The case was tried to the Court without the intervention of a jury, which found for the plaintiff-appellee on all three causes of action and granted a judgment as prayed for in the petition.

The first assignment of error is that the finding and judgment of the Court is not sustained by sufficient evidence and is contrary to law. The defendant-appellant contends that there is not one word in the record to support the finding of the trial court.

In considering the first cause of action we find that the record discloses that on February 25, 1934, there was a mortgage in the sum of $679.62 upon premises owned by defendant-appellant's decedent, which mortgage was in favor of the Mutual Home and Savings Association of Dayton, Ohio, and which mortgage was subsequently assigned to the Home Savings Association of Dayton, Ohio.

From February 25, 1934, which is the date on which Helen Barbara Jones and her husband moved into the home of Caroline Steck, until April 1, 1940, payments were made on this mortgage at the rate of $10.00 per month until April 1, 1940, when a final payment of $67.93 caused the mortgage to be paid in full.

The plaintiff-appellee maintains that he, in his capacity as executor of the estate of Helen Barbara Jones, is entitled to be subrogated to the rights as a mortgagee in the sum which she has paid. Helen Barbara Jones, deceased, was the daughter of Caroline Steck, deceased, and as such one of her heirs at law. She, therefore, had a right to expect to share in her mother's estate. We think that the law is well established that under this state of facts the plaintiff-appellee is entitled to subrogation to the extent of whatever amount was paid on this mortgage by Helen Barbara Jones, deceased.

In **Joyce v Dauntz, 53 Oh St p 538**, the first syllabus provides as follows:

"As a general rule any person having an interest in property subject to an incumbrance which may defeat or impair his title, has a right to disengage the property by payment of the incumbrance and when he does so if the debt is not one for which he is personally liable, he is entitled to be subrogated to the rights of the incumbrance against the property; and subrogation arises by operation of law whenever a mortgage debt is extinguished by one entitled to redeem other than the mortgagor or person ultimately liable for the mortgage paid."

Also, in **38 O. Jur. p. 281,** is the following:

"As a general rule, any person, other than a volunteer, having an interest in property subject to an encumbrance which may defeat or impair his title has a right to relieve the property by payment of the encumbrance; * * * he is entitled to be subrogated to the rights, of the encumbrancer against the property."

We think that there is sufficient evidence in the record to warrant the Court in finding that Helen Barbara Jones paid the sum of $679.62 in order to liquidate the mortgage on the property of Caroline Steck.

The record is uncontradicted that on February 25, 1934, the balance due on this loan was $679.62, and that on April 1, 1940, it was paid in full. The record supports the conclusion that Caroline Steck during this period of time had no income except the rent she received from a garage which amounted to $5.00 per month.

Edna Mooney, a practical nurse in the home, testified that Helen Barbara Jones and her husband made the payments during the time that she resided in the home, which period started sometime in the year 1939. She testified further that she saw Mr. Jones give the cancelled mortgage to Caroline Steck at which time she put her arm across his shoulder and kissed him on the cheek and said how glad she was.

Mary Zwiesler testified that she visited the home of Caroline Steck practically every week up until 1942, and that from 1934 to 1944 Mrs. Steck had no income.

In the light of this testimony we think there is sufficient evidence to support the finding of the trial court that Helen Barbara Jones advanced the sum of $679.62 for and on behalf of Caroline Steck.

It should be noted that the plaintiff-appellee was not permitted to offer in evidence the testimony of certain witnesses because defendant-appellant availed herself of the right granted by §11495 GC, which precluded this testimony. It should be further noted that there was no testimony offered by the defendant-appellant to deny that tendered by the plaintiff-appellee. There is no question presented here as to the weight of the evidence, but rather was there any evidence offered by the plaintiff-appellee which was a proper foundation for the judgment entered by the trial Court. We admit it was neither strong nor very convincing, but as it was not controverted we think it was sufficient to sustain the allegations in the petition.

It is manifest that some one made these payments on this loan. The record seems clear that Caroline Steck was not able to do so. The other members of this family were available and had they made any of them, they would have been competent witnesses to so testify. Also, an inference favorable to the plaintiff-appellee may be drawn from the declarations and conduct of Caroline Steck when the cancelled mortgage was delivered to her by W. K. Jones, she having put her arm across his shoulder and, kissing him on the cheek, said how glad she was. Certainly this was a display of gratitude for something done on her behalf.

The defendant-appellant contends further that the plaintiff-appellee failed to show that his decedent advanced any money to the defendant-appellant's decedent as alleged in the second and third causes of action. The only evidence offered to support these claims was two written instruments as follows:

Plaintiff's Exhibit "A."

"Dayton, Ohio,
April 19 '37

Received of Helen & Webb Jones One Hundred Thirty Four no/100 Dollars. With 4% interest. For repairs on house."

(Signed) "Caroline Steck."

Plaintiff's Exhibit "B."

"June 29 '38

I promise to pay Helen or Webb Jones Forty-six—no/100 Dollars for roof on garage."

(Signed) "Caroline Steck."

The defendant-appellant contends that these written

documents do not comply with the negotiable instrument act, and that there can be no presumption of consideration, and that the burden of proof rests upon the plaintiff-appellee. The plaintiff-appellee contends, and we think properly so, that these exhibits are evidence of indebtedness due the deceased, Helen Barbara Jones, from Caroline Steck, and has not offered them as negotiable instruments.

The testimony of Matilda Remley, executrix and defendant-appellant, positively identifies the maker's signatures on Exhibits "A" and "B" as being the signature of Caroline Steck. No evidence was offered tending to show payment, and we think this evidence is sufficient to sustain the finding of the Court on the second and third causes of action.

The second assignment of error relates to the admissibility of Plaintiff's Exhibits "A" and "B", which we have found to be admissible.

We find no error in the record, and the judgment is affirmed.

WISEMAN, PJ, and HORNBECK, J, concur.

### APPLICATION FOR REHEARING

Decided May 27th, 1947.

### OPINION

By MILLER, J.

This is an application for a rehearing submitted by the defendant-appellant. We have again examined the record in this case and are of the opinion that the evidence was insufficient to support the judgment of the trial court on the first cause of action. In our original opinion we expressed our doubts by stating that the proof offered by the plaintiff was "neither strong nor very convincing." The first cause of action was an equitable proceeding in which the plaintiff-appellee sought to be subrogated to all of the rights of the mortgagee and recover from the defendant-appellant the sum of $679.62 which the plaintiff-appellee claims to have paid for and on behalf of the defendant-appellant. As we previously held, the relationship of these parties to the transaction was such that subrogation would be the proper remedy, providing the payment of the mortgage by the plaintiff-appellee was sustained by the proper degree of proof. Now, what evidence is there in the record to support the proposition that the plaintiff's dece-

dent paid the amount alleged in the petition on this mortgage? It will be noted that the payments were made in monthly installments of $10.00 each between the years 1934 and 1940. Edna Mooney testified that the plaintiff's decedent made the payments on the mortgage, but on further examination it was developed that she arrived at this conclusion from the fact that she saw Helen, plaintiff's decedent, give him money for that purpose. How many times she saw this occur is not in the record and she could not have witnessed the same for each payment since she did not come to the plaintiffs-appellee's home until the year 1939, and most of the payments on the mortgage were made prior to this date. The conduct of Caroline Steck when the cancelled mortgage was given to her throws no light upon the number of payments made by the plaintiff's decedent, although a strong inference could be drawn that at least the last payment had been made by the plaintiff-appellee. The fact that Caroline Steck had insufficient income to make these payments, does not warrant the conclusion that the plaintiff's decedent made all of these payments. The record supports the conclusion that she made some of the payments, but we have no evidence as to the amount paid by her, so the first cause of action must fail. For this reason the application for a rehearing is allowed and upon further consideration we find that the judgment should be reversed as to the first cause of action and affirmed as to the second and third cause of action.

The cause is ordered remanded and judgment ordered entered for the plaintiff-appellee for the sum of $244.50 and costs.

WISEMAN, PJ, and HORNBECK, J, concur.